Judge Owsley
delivered the opinion Of the court.
M’Curdy, by subscribing to a subscription paper, having promised to pay the defendants in error, ⅛ four quarterly instalments, two hundred dollars, the first installment to be paid at such time as the commissioners, thereafter to be appointed to superintend the building of the capítol in Frankfort, should direct, and failing to pay the same, the, defendants brought this suit, and obtained a judgment for the amount, with damages and cost.
To reverse t',<. judgment, M’Curdy has prosecuted this writ of error, and relies for a reversal upon the ground of the court below having erred in overruling his demurrer to •the defendants’■ declaration* and in refusing-to direct the jury as in case of a nonsuit.’
The action being founded upon the written promise of M’Curdy to pay the $200'. there cannot be a doubt but that, if the writing, although ⅛ tbe'nature of a subscription, *289 Had been under seal, an action of debt might, before the passage of the act of 1812, regulating proceedings in civil cases, have been maintained upon it; and so, as the writing appears to have been subscribed by M’Curdy since the passage of that act, it must, as respects the nature of the action and forms of proceeding, assume the dignity of a sealed instrument, and consequently there can have been no necessity for the defendants to alledge in the declaration any special consideration fot the undertaking of M’Curdy.
of Since the 1812, ch 375, § 8, (session ac< misory writings tho’not sea!> seal’dpapers, and no aver" sWeration°is necessary, [QuerbyRep. be now main-tainMonsucli
of 1814 (appointing com’rs. to collect the ^mie'forre-building the capítol) is si-t01 ⅛ which suits should be br°n5>ht;' as before,and the suit is payee, where the knowledge of a tact is pre-sumedto rest properly with a def’t. aswithapltf. no evidence 0f actual notice to a dPt, 13 necessary.
But it is contended that, as by the act of 1814, the commissioners appointed by the legislature are authorised only to receive the subscriptions, but are required to collect the same, the action should have been brought in the name of the commissioners, and not in the name of the defendants.
The act alluded to is altogether silent as to the mode of proceeding which should be adopted in prosecuting suits for the recovery of any sums which either had been or might thereafter be subscribed, and although according to its provisions, payment made to the commissioners might be considered a sufficient discharge, yet according to the settled rules of proceedings in such cases, for a failure to pay, the action should be brought, as it has been in this instance, by those to whom the promise of payment was made.
As therefore the action was properly brought in the names of the defendants in error, and as no consideration was necessary to be laid in the declaration, the court below, as those are the only objections taken in the demurrer, properly overruled it. _
_ But it is again contended, that as the time of paying the instalments is made to depend upon the order and direction ot the commissioners, to enable the defendants to recover, they should have proven that M’Curdy was notified of such an order; and hence it is insisted that as no evidence other than that of an advertisement having- been inserted in of the newspapers in Frankfort, was introduced, the court’ below ought to have instructed the jury as in case of a non-_ 0 -ñr . .
We are, however, ot opinion, that no evidence of a notice was necessary to enable the defendants to maintain their action.
From the subscription it is evident, the commissioners alluded to, were, by the mutual understanding of the parties, to be appointed by the legislature. A knowledge of those *290 persons therefore, or their acts and orders, would not more Pr0Pev'.v be with the defendants in error than with the plaintiff, and in such a case it is well settled, that notice is unnecessary. 5 Com. Dig. 361.
Bibb for plaintiff in error.
The judgment must therefore be affirmed with cost.